UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Cr. No. 02-306-01 (ESH/JMF)

PHILLIP THARRINGTON,

Defendant.

FILED
JUN 2 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## REPORT AND RECOMMENDATION

Sometimes, a single case epitomizes a national problem. This is one such case.

One consequence of the "deinstitutionalization" of the mentally ill is the criminalization of thousands of Americans who have severe psychiatric illnesses. The Department of Justice estimated that in 1999, 16 % of the total jail and prison population, nearly 300,000 people, have a serious mental illness– more than four times the number in state mental hospitals.[1]

This defendant is just such a person. In December 2002, he pled guilty to threatening the President and was sentenced to 24 months imprisonment. A three year period of supervised release began on March 19, 2004 and the defendant was supposed to engage in a program of substance abuse treatment and mental health counseling. *Within a week of his release*, the Prince George's County Police arrested him after he threw a rock through a window of a Taco Bell. One day later he threw another rock through the same Taco Bell's window. The defendant told his probation officer that he was not certain that he had thrown the rock through the window; he had walked from Washington, D.C. to Seat Pleasant, Maryland and was exhausted and incoherent.

On August 12, 2004 the Secret Service arrested the defendant, who was trespassing in a

---

[1] http://www.pbs.org/wgbh/pages/frontline/shows/crime/jailed

restricted area of the Department of Treasury. A charge of Unlawful Entry has now been resolved by his being sentenced to time served.

These criminal offenses led to the defendant being brought before me in December, 2004 and I ordered that a competency screening be done. Dr. Lawrence Oliver, of the D.C. Department of Mental Health, Legal Services, evaluated the defendant and found that the defendant expressed "grandiose paranoid delusions," including that his fellow residents at the John Howard Pavillion (where the defendant had been housed from August 24 until October 10, 1004, apparently after his arrest on the unlawful entry charges) were CIA agents. Dr. Oliver's report led me to commit the defendant to the Attorney General for an examination of his competency to stand trial. The defendant was sent to the Metropolitan Detention Center in Los Angeles, California and remained there until a report was sent to me on June 2, 2005. The report indicated that the defendant was competent to stand trial and that he was not "suffering from any acute emotional or mental symptoms with the intensity and duration necessary to meet the DSM-IV criteria for any of the Axis I diagnosable symptom disorders, except a prior history of substance abuse." Report of June 2, 2005 at 7.

I am not at all certain that I agree with the determination. This case began with bizarre, irrational conduct and this Court now knows of the occurrence of two more instances of bizarre, irrational conduct, and that the defendant has persistently expressed paranoid delusions. Whatever the defendant's behavior and symptoms while institutionalized, his behavior when released is irrational and anti-social and, in my view, warrants in-patient treatment for mental illness for a period of time, in order to protect both him and the community.

The defendant has conceded the violations charged. The recommended imprisonment

2

range is 8 to 14 months and I would sentence him to 14 months. He has served 7 months of that already and the remaining period should be used to create an in-patient regimen for him. I would therefore order that the Probation Office create such a regimen and have it in place when the defendant is released from prison. I would than make his participation in that regimen and his cooperation with the Probation Office in complying with it a condition of his supervised release. Finally, defendant's mental condition is hardly ameliorated by his poly substance abuse and I would ask the Probation Office to integrate drug testing and therapy into the regimen it is creating.

                                                */s/ John M. Facciola*
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 06/23/05